UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL LONG,<br><br>         Plaintiff,<br><br>    v.<br><br>VASQUEZ, et al.,<br><br>         Defendants. | No.  2:23-cv-2893 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a pretrial detainee prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  As discussed below, because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), plaintiff must pay the court's filing fee in full, or the complaint will be dismissed without prejudice.

Section 1915(g)

Plaintiff seeks leave to proceed in forma pauperis.  The Prison Litigation Reform Act of 1995 ("PLRA") permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However, § 1915(g) provides:

////

1

> [i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  Such "'three strikes' provision prevents a court from affording in forma pauperis status" to a prisoner who has brought three civil actions or appeals that were dismissed as frivolous, malicious or fail to state a claim upon which relief may be granted.  Coleman v. Tollefson, 575 U.S. 532, 534 (2015).

Once a prisoner has sustained three strikes, § 1915(g) prohibits the pursuit of any subsequent in forma pauperis civil action or appeal in federal court unless the prisoner "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)).  "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." Ray v. Lara, 31 F.4th 692, 700 (9th Cir. April 11, 2022).  Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." Id. at 701.

Discussion

    Did Plaintiff Sustain Three Strikes?

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted, qualifying as strikes under 28 U.S.C. § 1915(g).  The undersigned takes judicial notice of the following cases filed by plaintiff:[1]

////

---

[1] A court may take judicial notice of court records.  See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

      1. <u>Long v. USA</u>, Case No. 1:13-cv-01228 JLT (E.D. Cal.), dismissed on Jan. 16, 2014, as frivolous;[2]

      2. <u>Long v. USA California</u>, Case No. 1:13-cv-01256-GSA (E.D. Cal.), dismissed on June 23, 2014, for failure to state a claim after plaintiff failed to file an amended complaint;

      3. <u>Long v. USA</u>, Case No. 1:13-cv-01368 SAB (E.D. Cal.), dismissed on September 11, 2013, as frivolous;

      4. <u>Long v. Stanislaus Cty. Super. Ct.</u>, Case No. 1:13-cv01370 SAB (E.D. Cal.), dismissed on May 1, 2014, for failure to state a claim after plaintiff failed to file an amended complaint.

The four listed cases were dismissed well before plaintiff filed the instant complaint on December 11, 2023. None of the dismissals have been overturned on appeal. Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

<u>Did Plaintiff Demonstrate Imminent Danger?</u>

As noted above, there is a limited exception to the three-strikes rule that applies when a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his pleading, plaintiff alleges violations of his right to religious freedom, and contends Deputy Vasquez refuses to release plaintiff from custody so that plaintiff may return to Israel (ECF No. 1 at 3.) Plaintiff states he fears God will kill plaintiff or put his soul in hell. (<u>Id.</u>) However, plaintiff's allegations do not demonstrate that plaintiff faced an imminent risk of serious physical injury at the time he filed this action. <u>See</u> <u>Andrews</u>, 493 F.3d at 1057 n.11 ("Courts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory.") Thus, plaintiff should be required to submit the appropriate filing fee in order to proceed with this action.

////

////

---

[2] These four cases contain a different prisoner number, but plaintiff identified such cases in his other recent filing, <u>Long v. World</u>, No. 2:23-cv-1739 KJM DB (E.D. Cal.) (ECF No. 1 at 2-3.) Thus, court records confirm that the cases listed above were filed by the same prisoner, Kevin Michael Long.

Conclusion

Because plaintiff sustained at least three strikes under the PLRA, plaintiff's request to proceed in forma pauperis should be denied, and plaintiff should be required to pay the court's filing fee in full in order to proceed with this action. In addition, plaintiff should be cautioned that failure to pay the filing fee in full will result in the dismissal of this action.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the court's filing fee in full within thirty days from the date of any district court order adopting the instant findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 12, 2024

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/long2893.1915g.56

4